IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                             CIV 07-0225 JP/KBM
                                                CR 06-0944 JP

JUAN GASPAR-PEREZ,

        Defendant-Movant.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

      Defendant is a Mexican national who pleaded guilty to illegal reentry after deportation, 8 U.S.C. § 1326, and did so without a written plea agreement. Magistrate Judge Lourdes A. Martínez noted during the plea colloquy that as a consequence of not having a written agreement, Gaspar-Perez could withdraw his plea up until time of sentencing and could also appeal his sentence. She also explained that although the Sentencing Guidelines were not mandatory, the district judge would consult them. The plea proceeding included several other defendants who were advised that they faced potential Guideline ranges of only a few months of incarceration because of their lack of a significant criminal history.

Because the Information against Defendant indicated a prior aggravated felony conviction, however, Gaspar-Perez faced a substantially higher potential Guideline range – 46 to 57 months – precisely the range that the presentence report later calculated. Although counsel argued for departure and sentencing at a lower range, District Judge James A. Parker rejected those arguments and sentenced Defendant to forty-six months of imprisonment. *See United States v. Gaspar-Perez,* CR 06-944 (Doc. 11 (information); Doc. 12 (Clerk's Minutes of Plea), FTR recording of plea held 5/4/06); Doc. 16 (objections to presentence report); Transcript of Sentencing (filed 5/2/07); Docs. 18, 20 (Judgement and Sentence, and Amended Judgment and Sentence).

This matter is before the Court on Defendant's motion pursuant to 28 U.S.C. § 2255 and the brief he filed in support. He asserts that his attorney was ineffective in three ways: failure to file an appeal; failure to argue for a downward departure based on his stipulation to immediate deportation; and failure to argue for a downward departure based on the "fast-track-program." *See Doc. 1* at 5; *Doc. 2* at 2. The failure to appeal claim is dispositive at this juncture.

The "Supreme Court has recognized repeatedly over the last thirty years that a lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial."

*United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969).  The relative merits of the appeal are irrelevant when the client "actually asked counsel to perfect an appeal, and counsel ignored the request." *United States v. Garrett,* 402 F.3d 1262, 1267 (10th Cir. 2005).

In his § 2255 motion, signed under penalty of perjury, Gaspar-Perez alleges that he "instructed counsel of record to filed (sic) timely notice of appeal . . . so that he could have his case review by the court of appeals." *Doc. 1* at 5.  The attested affidavit Defendant attached to the brief reasserts this, as does the brief itself.  In those sources, Defendant argues that the sentencing transcript bears out that Judge James A. Parker asked him if he wanted to file a notice of appeal and he replied "yes." *See Doc. 2* at 2 & attachment.[1]  In fact, however, Judge Parker asked Defendant, "Do you **understand**, sir, **your right** to appeal?" to which he replied "yes." *Sentencing Transcript* at 10 (emphasis added).  Thus, this exchange does not directly support his contention that he instructed counsel to appeal.

---

[1] The brief itself is not attested, but I construe it as such given the attached affidavit. *C.f., United States v. Guerrero,* ___ F.3d ___, 2007 WL 1705087 (10th Cir. 6/14/07) ("it is both reasonable and appropriate for [federal] courts to fully consider contemporaneous memoranda in support of [§ 2255] motions in order to fully interpret a movant's claim;" rejecting the argument that a *Flores-Ortega* failure to appeal claim should be dismissed because the allegation was raised in an unsworn memorandum filed contemporaneously with the § 2255 motion; the memorandum qualifies as a timely amended claim under Fed.R.Civ.P. 15(a), and Defendant should have been granted leave to conform the document to the requirement that factual allegations be signed under penalty of perjury in Rule (2)(b)).

On the other hand, Defense Counsel testifies in his affidavit that his client "never instructed me to file an appeal of his sentence" and that "any such appeal would have been frivolous." *Doc. 24* (attached exhibit at ¶¶ 3-4).  Given this contradictory evidence, the Court cannot resolve this particular factual issue without an evidentiary hearing.  I and my colleagues have so held in identical circumstances on several occasions.  *E.g., Perez-Nunez v. United States,* CIV 06-880 MV/KBM (Doc. 9); *Hernandez-Cisneros v. United States,* CIV 06-529 MCA/CEG (Doc. 9); *Rodriguez v. United States,* CIV 06-50 WJ/KBM (Doc. 6); *United States v. Alvarez-Perez,* CIV 04-384 BB/ACT (*Doc. 6*); *Bodenheimer v. United States,* CIV 04-196 MCA/KBM (*Doc. 9*), *conviction aff'd in delayed appeal,* 2006 WL 979302 (10th Cir. 4/14/06); *Parra-Perez v. United States,* CIV 03-673 BB/LCS (Doc. 5); *De la Rosa v. United States,* CIV 03-599 MCA/KBM (Doc. 12); *compare Castillo v. United States,* CIV 04-1347 (Doc. 8, where counsel and defendant's version of discussion about appeal was consistent).

Wherefore,

**IT IS HEREBY RECOMMENDED** that:

1) The Federal Public Defender be appointed to further represent the Defendant in this matter; and

2) Upon entry of appearance, counsel for the Defendant and counsel for the United States confer to ascertain whether the matter can be resolved informally and, if not, inform the

Magistrate Judge of appropriate dates for the evidentiary hearing and/or briefing schedule.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 63 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE